948 F.2d 1291
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesse SHANNON, Defendant-Appellant.
 No. 91-5045.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1991.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Jesse Shannon, a pro se federal prisoner, appeals a district court order denying his motion to withdraw guilty plea. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Shannon pleaded guilty to one count of conspiracy to distribute cocaine, seven counts of possession with intent to distribute cocaine, one count of using a firearm in relation to a drug trafficking offense, and two counts of management and control of a building for the purpose of manufacturing and distributing cocaine. At his sentencing hearing, Shannon moved the court to withdraw his guilty plea. The district court denied his motion and sentenced him to seventy-four months imprisonment. Shannon did not file a direct appeal from his conviction or sentence.
 
 
 3
 Shannon then filed a motion to vacate pursuant to 28 U.S.C. § 2255. In his motion, Shannon alleged that: 1) the prosecution failed to disclose certain exculpatory evidence; 2) he was denied effective assistance of counsel; and 3) the district court erred in not allowing him to withdraw his guilty plea. The district court determined that Shannon's grounds were meritless and denied his motion. Shannon filed a timely appeal to this court from that order, but later voluntarily dismissed the appeal.
 
 
 4
 Shannon next filed the current motion to withdraw his guilty plea. In his motion, Shannon alleged that: 1) he did not enter into his plea freely and voluntarily; 2) he received ineffective assistance of counsel; and 3) the district court abused its discretion in not allowing him to withdraw his guilty plea. The district court determined that it had already ruled on Shannon's claims and denied his motion. Shannon filed a timely appeal. In his brief, he requests the appointment of counsel and a transcript at government expense.
 
 
 5
 Upon review, we determine that the district court properly denied Shannon's motion. To the extent Shannon raises issues addressed in his prior motion, the court properly dismissed the petition as successive. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (plurality opinion); Sanders v. United States, 373 U.S. 1, 15 (1963). To the extent Shannon raises new issues, his motion constitutes an abuse of the writ. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 6
 Accordingly, we deny counsel and transcript and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.